UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELAINE C. CRONIN,

        Plaintiff,

vs.                                     Case No.   2:12-cv-288-FtM-29DNF

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #20), filed on August 21, 2013, recommending that the Commissioner's decision to deny disability insurance benefits be affirmed.  No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59).  Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

Plaintiff raises two issues:  (1) that the Administrative Law Judge (ALJ) failed to identify her sensorineural hearing loss as severe; and (2) the ALJ failed to comply with Social Security Ruling 96-8p by improperly assessing plaintiff's residual functional capacity. (Doc. #15.)  The Magistrate Judge found that substantial evidence in the record supported the ALJ's finding that plaintiff's hearing loss impairment was not severe. The Magistrate Judge also found that plaintiff failed to satisfy the burden of proving that her impairments prevented her from working as a housekeeper, and that the record indicates that the ALJ considered all of plaintiff's alleged inability to work, including the non-

severe limitation of hearing loss in assessing her residual functional capacity. (Doc. #20, pp. 15-16.)  The Magistrate Judge further found that the ALJ properly disregarded the portion of Dr. Tafflin's conclusions addressing plaintiff's hearing impairment, and even if the ALJ had adopted the conclusions pertaining to plaintiff's hearing limitations, the evaluation would not have changed.  Finally, the Magistrate Judge found that the ALJ properly completed the assessment of plaintiff's residual functional capacity.  After a *de novo* review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #14) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **affirmed**.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record